# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**COREY A. MEYER,**
        **Petitioner,**

     v.                                                                 **Case No. 05C0325**

**JUDY P. SMITH,**
        **Respondent.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 2254, petitioner Corey A. Meyer, a Wisconsin state prisoner, seeks a writ of habeas corpus challenging his state court conviction of disorderly conduct and criminal trespass to a dwelling. Respondent now moves to dismiss on the ground that the petition was untimely filed.

### I. FACTS AND BACKGROUND

On July 9, 2003 petitioner pled guilty to disorderly conduct and criminal trespass to a dwelling, both as a repeater. On the same day, the circuit court imposed two consecutive two-year sentences each consisting of one year of confinement and one year of extended supervision. The court then stayed both sentences and placed petitioner on probation. In March 2004, the petitioner's probation was revoked, and he commenced service of his prison sentences.

Petitioner did not appeal from his judgment of conviction. However, on December 10, 2004, he filed a motion seeking state post-conviction relief pursuant to Wis. Stat. § 974.06. At various times, petitioner also filed other motions including an October 29, 2004 motion to relieve him from the judgment, a November 24, 2004 motion for a new trial

and a November 30, 2004 motion to quash the judgment. On February 17, 2005, the circuit court denied all of petitioner's motions. On March 23, 2005, petitioner filed the present habeas petition.

## II. DISCUSSION

Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to seek federal habeas relief. In the present case, the time for petitioner to seek direct review expired on July 29, 2003, twenty days after his July 9, 2003 sentence. See Wis. Stat. 809.30(2)(b) (explaining that to appeal a criminal conviction, a defendant must file a notice of intent to pursue post-conviction relief within twenty days of sentencing); see also Farmer v. Litscher, 303 F.3d 840, 845-46 (7th Cir. 2002) (concluding that the conviction of a Wisconsin defendant who failed to take a direct state court appeal became final for purposes of § 2244(d)(1)(A) when the time for initiating an appeal expired under Wis. Stat. § 809.30). Had petitioner properly filed an application for post-conviction review in state court within one year of his conviction, he could have tolled the running of the one year statute of limitations. § 2244(d)(2). However, petitioner did not file his § 974.06 motion or any of his other post-conviction motions until more than a year after his conviction. Thus, he did not toll the one year limitation period, and his petition is untimely.

Petitioner seems to suggest that the statute of limitations did not commence running until the circuit court denied his § 974.06 motion. However, the Seventh Circuit has rejected this contention. See Balsewicz v. Kingston, 425 F.3d 1029, 1034 (7th Cir. 2005) (explaining that "[t]he fact that the statutory language [of Wis. Stat. § 974.06] affords

2

[petitioner] a distinct state collateral challenge to the conviction does not negate the finality of his conviction for purposes of federal habeas review").

Therefore, for the reasons stated,

**IT IS ORDERED** that respondent's motion to dismiss is **GRANTED,** and petitioner's application for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that respondent's motion for an extension of time to file an answer is **DENIED** as moot.

Dated at Milwaukee, Wisconsin this 30 day of December, 2005.

/s_____
LYNN ADELMAN
District Judge