# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**COREY A. MEYER,**
        Petitioner,

    v.                                               Case No. 05C0325

**JUDY P. SMITH,**
        Respondent.

## ORDER REGARDING CERTIFICATE OF APPEALABILITY

On May 10, 2006, habeas petitioner Corey A. Meyer filed a notice of appeal of my dismissal of his case on December 30, 2005. Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Although petitioner has not formally requested that I issue a certificate of appealability, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. See also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S.

1

880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

I dismissed petitioner's case not based on any of the underlying claims on the merits, but on a procedural ground concluding that Meyer's petition was untimely under 28 U.S.C. § 2244(d)(1)(A). When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. See id. at 484-85. The district court is allowed, and indeed encouraged, to proceed first to the procedural issue if its answer is more apparent from the record and arguments. See id. at 485.

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. at 484.

Addressing the procedural showing first, I believe the question of whether petitioner's case should have been dismissed as untimely does not deserve to proceed further, nor do I believe that my dismissal of the petition as untimely would be debatable among jurists of reason reviewing the record of this case. The time for petitioner to seek direct review expired on July 29, 2003 and thus, Meyer's habeas petition should have been filed on or

2

Case 2:05-cv-00325-LA    Filed 05/26/06    Page 2 of 3    Document 18

before July 29, 2004.  See 28 U.S.C. § 2244(d)(1)(A).  However, he did not file his habeas petition until March 23, 2005.  Further, petitioner's argument that the statute of limitations did not commence running until the circuit court denied his § 974.06 motion is futile.  See Balsewicz v. Kingston, 425 F.3d 1029, 1034 (7th Cir. 2005) (explaining that "[t]he fact that the statutory language [of Wis. Stat. § 974.06] affords [petitioner] a distinct state collateral challenge to the conviction does not negate the finality of his conviction for purposes of federal habeas review").  As stated above, where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, no reasonable jurist could conclude that the district court erred or that the petitioner should be allowed to proceed further.  There is therefore no need to address the underlying merits of the petition.

**THEREFORE, IT IS ORDERED** that petitioner's implied request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26 day of May, 2006.

/s_____
LYNN ADELMAN
District Judge

3