# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**COREY A. MEYER,**
       **Petitioner,**

     **v.**　　　　　　　　　　　　　　　　　　**Case No. 05-C-325**
　　　　　　　　　　　　　　　　　　　　　　　　　**Appeal No. 06-2362**
**MATTHEW J. FRANK,**
       **Respondent.**

## MEMORANDUM AND ORDER

On December 30, 2005, I dismissed Corey A. Meyer's habeas petition. On April 25, 2006, petitioner filed a letter with the clerk of court asking about the status of his habeas petition, explaining that he had been transferred to another facility on November 4, 2005, pursuant to proceedings initiated to civilly commit him. On May 10, 2006, apparently having discovered that his case had been dismissed, petitioner filed a notice of appeal. I denied his implied request for a certificate of appealability but failed to address the tardiness of his notice of appeal. The Seventh Circuit Court of Appeals has now remanded the case for the limited purpose of determining whether the time to appeal should be reopened. The remand order instructed me to treat petitioner's April 25, 2006, letter as a motion to reopen under Federal Rule of Appellate Procedure 4(a)(6).

Federal Rule of Appellate Procedure 4(a)(6) allows a court to reopen the time to file a notice of appeal if:

> (A) the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

When prisoners are filing on their own behalf, the details of compliance need not be perfected. See United States v. Roberts, 749 F.2d 404, 407 (7th Cir. 1985) (holding that where there is good reason for allowing an extension, there is no need for perfect compliance) (abrogated on other grounds by Libretti v. United States, 516 U.S. 29 (1995)).

Here, it is clear that petitioner filed his letter motion within 180 days after judgment was entered against him. In addition, it appears from the motion that petitioner had not received notice of my dismissal of his petition even at the time that he filed the motion. Petitioner had been transferred to another facility and was contesting a petition to have petitioner civilly committed. Thus, I find that he did not receive notice of judgment until at least the date that he filed the motion with my court. Finally, respondent has not opposed petitioner's motion to reopen, and thus I do not have any reason to believe that respondent would be prejudiced by my granting this motion.

**THEREFORE, IT IS ORDERED** that petitioner's motion to reopen the time to file an appeal is **GRANTED**.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated at Milwaukee, Wisconsin this 17 of September, 2006.

/s_____
LYNN ADELMAN
District Judge

2

Case 2:05-cv-00325-LA   Filed 09/18/06   Page 2 of 2   Document 22